IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

| | |
|---|---|
| UNITED STATES OF AMERICA | OPINION AND ORDER |
| v. | 12-cr-136-wmc |
| | 13-cv-814-wmc |
| GIOVANNI COLLAZO-SANTIAGO | |

---

Defendant Giovani Collazo-Santiago has filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct the sentence imposed on him on January 7, 2013, in *United States v. Collazo-Santiago*, Case No. 12-cr-136-wmc. (Dkt. #18.) After considering the pleadings pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts and the memorandum filed in support of his motion, as well as the underlying proceedings before this court, the motion must be denied. The reasons for the denial are set forth briefly below.

BACKGROUND

On April 29, 2011, police were dispatched to investigate a reported home invasion at 201 Parkview Road in Deerfield, Wisconsin, where Collazo-Santiago lived with his parents. When police arrived at the residence, they found Collazo-Santiago's mother beaten and injured severely. After Collazo-Santiago's father gave consent to search the premises for signs of intruders, police found drugs and drug paraphernalia in plain view in the basement. A subsequent search revealed large amounts of cocaine, marijuana, scales and more than $35,000 in cash. At that time, however, no arrests were made, nor were charges filed.

1

Almost a year later, on March 17, 2012, a man called 911 to report that he was being followed by a car, whose occupants were shooting at him. In a later inspection of the victim's car, officers found bullet holes and recovered a spent round. The victim also provided the other car's license plate number, which was matched to Collazo-Santiago's car. Officers then arrested Collazo-Santiago and his father at their residence in Deerfield. A search of Collazo-Santiago's car turned up a Hi-Point semiautomatic 9mm pistol between the driver's seat and center console and a semiautomatic .45 caliber pistol underneath the passenger seat.

In March 2012, a grand jury in this district returned a one-count indictment against Collazo-Santiago, charging him with unlawful possession of firearms by a previously convicted felon. *See United States v. Collazo-Santiago*, Case No. 12-cr-41-wmc (dkt. #10). On October 11, 2012, Collazo-Santiago was also charged with possession with intent to distribute a mixture or substance containing cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) based on the drugs, scales and cash found during the search of his home in April 2011.

Collazo-Santiago waived formal indictment as to the latter charge. That same day, he entered an initial appearance and pled guilty to that charge in Case No. 12-cr-136. He also entered a guilty plea on the felon-in-possession charges lodged against him in Case No. 12-cr-41. On January 7, 2013, the court sentenced Collazo-Santiago to concurrent terms of 90 months' imprisonment in Case Nos. 12-cr-41 and 12-cr-136.

Collazo-Santiago did not pursue an appeal, but was subsequently granted a reduction in sentence on the cocaine possession with intent to distribute under § 3582

based on a retroactive change in the guideline sentencing range. As a result, that sentence was initially reduced from 90 months to 70 months, which worked no practical reduction since his concurrent sentence for gun possession remained 90 months. (Dkt. #20.) After a review of that reduction it was determined that Collazo-Santiago was entitled to the multi-count unit adjustment under USSG § 3D1.4, ultimately resulting in an amendment of both concurrent sentences to 78 months. (Dkt. #22.)

By motion dated November 12, 2013, Collazo-Santiago claims that he is entitled to relief under § 2255 from his conviction in Case No. 12-cr-136 because he was denied effective assistance of counsel. In particular, Collazo-Santiago maintains that his counsel was deficient in failing to file a motion to suppress the evidence of drug dealing found during the search of his home on April 29, 2011, which he now claims was seized by law enforcement in violation of the Fourth Amendment and wrongly used against him.

OPINION

A motion for relief under 28 U.S.C. § 2255 invokes "an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United* States, 476 F.3d 518, 520 (7th Cir. 2007) (citing *Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir. 2006)). To obtain relief under § 2255, a prisoner must show that the district court sentenced him "in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack."

Relief under § 2255 is appropriate only for "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004) (quoting *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991)).

As noted above, Collazo-Santiago contends that his conviction for possession with intent to distribute a controlled substance was obtained with evidence seized illegally by police and that his attorney was constitutionally ineffective for failing to file a motion to suppress. Collazo-Santiago, however, entered an unconditional guilty plea, which expressly waived all non-jurisdictional defects. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *see also United States v. Combs*, 657 F.3d 565, 569 (7th Cir. 2011). This includes claims of ineffective assistance of counsel, except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary. *See Koons v. United States*, 639 F.3d 348, 350-51 (7th Cir. 2011). Collazo-Santiago proposes no basis for challenging his guilty plea on the grounds that it was involuntary or unknowingly made. Nor does he otherwise demonstrate that he received ineffective assistance from counsel during the plea process. *See Hill v. Lockhart*, 474 U.S. 52, 56 (1985). Because any claim concerning a motion to suppress was waived by Collazo-Santiago's presumptively valid guilty plea, he cannot obtain relief on this basis under 28 U.S.C. § 2255.

As Collazo-Santiago concedes, he cannot practically prevail on his motion in any event, because he is serving an identical 78-month sentence in Case No. 12-cr-41, which runs concurrently with the one he would challenge here in Case No. 12-cr-136. The concurrent-sentence doctrine essentially allows a reviewing court "to pretermit a decision

about convictions producing concurrent sentences, when the extra convictions do not have cumulative effects." *Ryan v. United States*, 688 F.3d 845, 849 (7th Cir. 2012); *see also Evans v. United States*, 387 F.2d 160, 162 (3rd Cir. 1967) (acknowledging "the general rule that a prisoner serving concurrent sentences under separate convictions must allege the invalidity of all the convictions under which he is confined, in seeking release on habeas corpus").

Here, because Collazo-Santiago does not dispute, nor could he dispute, that he remains subject to the 78-month sentence imposed in Case No. 12-cr-41, which he expressly does not challenge. Accordingly, his motion is doomed at the outset by the concurrent-sentence doctrine and must be denied.

Under Rule 11 of the Rules Governing Section 2255 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case because the question is not a close one. For the reasons stated above, reasonable jurists would not debate whether defendant's claims were waived by his presumptively valid guilty plea. Alternatively, reasonable jurists would not debate that defendant's motion must be denied pursuant to the concurrent-sentence doctrine. Therefore, no certificate of appealability will issue.

ORDER

IT IS ORDERED that:

1. Defendant Giovanni Collazo-Santiago's motion to vacate, set aside or correct sentence is DENIED.

2. A certificate of appealability is also DENIED. Defendant may, if he wishes to do so, seek a certificate from the court of appeals under Fed. R. App. 22.

Entered this 10th day of June, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge