IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

| | |
|---|---|
| UNITED STATES OF AMERICA | OPINION AND ORDER |
| v. | 12-cr-136-wmc |
| | 13-cv-814-wmc |
| GIOVANNI COLLAZO-SANTIAGO | |

---

On June 10, 2015, the court denied Defendant Giovanni Collazo-Santiago's motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. (Dkt. #9.) He has now filed a motion to alter or amend pursuant to Fed. R. Civ. P. 59(e). As Collazo-Santiago has failed to identify either a manifest error of law or nearly-discovered evidence, his motion will be denied.

BACKGROUND

On October 11, 2012, Collazo-Santiago pled guilty to charges of (1) unlawful possession of firearms by a previously convicted felon, and (2) possession with intent to distribute a mixture or substance containing cocaine. On January 7, 2013, the court originally sentenced Collazo-Santiago to concurrent terms of 90 months. Both sentences were subsequently reduced consistent with the 2014 Amendments to the United States Sentencing Guidelines and 18 U.S.C. § 3582(c)(2), resulting in amended sentences to concurrent terms of 78 months.

Collazo-Santiago filed his § 2255 motion on November 18, 2013, claiming entitlement to relief based on ineffective assistance of counsel. In particular, Collazo-Santiago maintained that his counsel was deficient in failing to file a motion to

1

suppress certain evidence seized by law enforcement in violation of the Fourth Amendment, which was then wrongly used against him. Collazo-Santiago filed a motion to supplement in December of 2013 and a motion for a speedy adjudication of his § 2255 motion on July 22, 2014.

On June 10, 2015, this court denied petitioner's § 2255 motion for two, distinct reasons.[1] First, Collazo-Santiago entered an unconditional guilty plea, and failed to demonstrate that his plea was involuntary due to ineffective assistance of counsel. Second, because Collazo-Santiago is serving an identical and concurrent 78-month sentence for being a felon in possession of a firearm, and did not challenge the validity of that conviction, the concurrent-sentence doctrine constituted independent grounds to deny the § 2255 motion. For the same reasons, the court denied him a certificate of appealability. Collazo-Santiago filed his Rule 59(e) motion on June 17 and a supplement to that motion on June 19.

## OPINION

Federal Rule of Civil Procedure 59(e) "enables the court to correct its own errors and thus avoid unnecessary appellate procedures." *Miller v. Safeco Ins. Co. of Am.*, 683 F.3d 805, 813 (7th Cir. 2012). To prevail on a motion under Rule 59(e), the moving party must identify an error of law that merits reconsideration of the judgment. *See Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008); *Sigsworth v. City*

---

[1] On May 28, 2015, Collazo-Santiago filed a Petition for Writ of Mandamus with the Seventh Circuit Court of Appeals, which was docketed on June 9, 2015, but mooted by this court's decision on the merits.

*of Aurora, Ill.*, 487 F.3d 506, 511-12 (7th Cir. 2007). A Rule 59(e) motion is not intended as a vehicle to relitigate matters already disposed of or to raise novel theories. *Federal Deposit Insurance Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986). As such, a Rule 59(e) movant "must clearly establish either a manifest error of law or must present newly discovered evidence." *Id*. In this context, a "manifest error" means "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000).

Collazo-Santiago has neither pointed to an error of law in the court's opinion, nor presented new evidence to support his § 2255 motion. Instead, he highlights the delay in the court's order denying his motion, reargues the claimed failures of his trial attorney to file an appeal and make certain arguments related to his innocence, and claims that his plea agreement did not waive his non-jurisdictional rights or his ineffective assistance of counsel claims.[2]

Tellingly, none of these arguments point to an error with respect to either ground upon which the court denied his motion. Although he includes vague ineffective assistance of counsel arguments, Collazo-Santiago presents no applicable law or evidence undermining the court's conclusions that his plea was voluntary and that he received effective assistance of counsel during the plea process. *See Koons v. United States*, 639 F.3d 348, 350-51 (7th Cir. 2011); *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). Even more

---

[2] In its June 10, 2015, order, the court incorrectly stated that he expressly waived all non-jurisdictional defects. While an overstatement, *see U.S. v. Collazo-Santiago*, 12-cr-41-wmc (dkt. #27), this error had no bearing on the court's denial of relief under § 2255.

definitive, Collazo Santiago makes no attempt to counter the court's conclusion that the concurrent sentence doctrine moots his § 2255 motion. *See Ryan v. United States*, 688 F.3d 845, 849 (7th Cir. 2012).

While Collazo-Santiago's arguments are groundless, the court readily acknowledges its own failure to address his motion sooner, regardless of a heavy docket and short-term triage decisions. However, Collazo-Santiago's filings that called the delay to the court's attention had no impact on the result of his § 2255 motion. In denying him relief, the court carefully considered Collazo-Santiago's arguments and concluded that he was not entitled to the extraordinary relief that § 2255 provides. Accordingly, his Rule 59(e) motion will be denied.

## ORDER

IT IS ORDERED that Defendants Giovanni Collazo-Santiago's motions to alter or amend pursuant to Fed. R. Civ. P. 59(e) (dkts. ##11, 13) are DENIED.

Dated this 30th day of June, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge